IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAM JOHN ZIELINSKI,

        Petitioner,        Civil No. 10-456-AA

      v.                     ORDER

RICK COURSEY,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to judgments, dated July 6, 2006 from the Marion County Circuit Court after convictions for one count of Coercion and one count of Assault in the Second Degree. Petitioner was sentenced to a total of 100 months imprisonment and 36 months of post-prison supervision. Exhibit 101.

    Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed without opinion., and the Oregon Supreme Court denied review. Exhibits 110-114.

    Petitioner filed a formal petition for post-conviction

1 - ORDER

relief (Exhibit 115), but the Umatilla County Circuit Court denied relief, Exhibit 149. Petitioner appealed but later moved to dismiss and the Oregon Court of Appeals allowed the motion for voluntary dismissal. Exhibits 150 - 152. Petitioner did not petition for Oregon Supreme Court review.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. sec. 2254 alleging two grounds for relief. Petition (#2).

Respondent now moves to deny relief on the ground that "(n)iether of these claims were fairly presented to the state court, and they are now procedurally defaulted." Response (#13) p. 2.

Under 28 U.S.C. sec. 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims in state court "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Duncan v.</u>

2 - ORDER

Henry, 513 U.S. 364, 365 (1995). Before the state court, a petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle [him] to relief." Baldwin v. Reese, 541 U.S. 27, 32 (2004); *see also*, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005) ("To exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing."); Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam). (holding that, when the petitioner failed to cite federal case law or mention the federal Constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's

3 - ORDER

appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

4 - ORDER

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S.538, 559 (1998).

Petitioner alleges the following grounds for relief:

**Ground One:** US Const. Rights, Amend 5th Fair Jury trial, 14th Due process, et al. when trial court denied severance of separate cases.
**Supporting Facts** Trial Court erred in denying defendant's motion to sever Case No. 05C45950 from Case No. 05C54666. Cases involved separate victims. There was no need for the state to introduce evidence from one case into the other case. The danger of prejudice flowing from the nature of the charges, both domestic assaults on women, was magnified by defendant being forced to defend both cases in one trial.

**Griound Two:** US Const. Amend 6, violated, when petitioner was denied his right to confront witnesses against him.
**Supporting Facts:** The trial court violated petitioner's 6th Amendment Rights to confront the witnesses against him when it allowed the State to introduce hospital records into evidence without calling any witnesses or allowing defendant to cross examine the statements relied on by the Court to convict defendant of assault in the second degree in Count 1 (Case No. 05C54666).

Petition (#2) p. 5, 7.

The grounds for relief raised in this proceeding are the type of trial court error claims that could have been raised at petitioner underlying trial and on direct appeal. *See*, <u>Palmer v. State of Oregon</u>, 318 Or. 352, 356-58 (1994).

5 - ORDER

In his direct appeal petitioner cited the Fifth and Fourteenth Amendments in his argument for Ground One, and fully brief the Confrontation Clause argument in Ground Two. Exhibit 110, p. 10, 15-18. However, neither of these claims were raised as federal claims art the trial lever and were not preserved as such for appellate review.

Petitioner opposed the consolidation of the cases at trial level on the ground that it violated the Oregon statute on joinder, Or. Rev. Stat. sec. 132.560(3), and thus prejudiced petitioner. Exhibit 103 at p. 2. He did not cite the Fifth or Fourteenth Amendments, cite any federal cases or mention the federal Constitution. Id. p. 2-6.

Regarding Ground Two, petitioner initially objected to the admission of the records based on a lack of foundation on "hearsay." Exhibit 107, p. 4. When it became apparent that to maintain the objection would require witness testimony and a delay of the trial, petitioner withdrew his foundational objection. Id., p.7-8. Although the court gave petitioner the option of "pointing out" specific areas of the record that should not be considered, Id., p. 8-9, petitioner did not do so or renew his objection and therefore did not preserve any objection to any statements in the records. Specifically, petitioner did not raise any kind of Confrontation Clause objection or other Sixth Amendment argument.[1]

---

[1] Petitioner implicitly acknowledged in his appellate brief that his claimed error regarding the admissibility of the medical records may not have been properly preserved - and then brief the

6 - ORDER

In order to raise a claim on appeal, a litigant must preserve the claim at the trial court unless the claim constitutes "plain error." *See*, State v. Gornick, 340 Or. 160 (2006); State v. Heilman, 339 Or. 661 (2005). The Oregon Court of Appeals may exercise discretion in "rare and exceptional" cases to consider an un-preserved claim. Gornick, 340 Or. at 166; *see also*, State v. Lennon, 348 Or. 148, 154 fn. 3 (2010) (recognizing that "[plain] error is one that the Court of Appeals *may* consider; it does not mean that the court must do so.") (emphasis in original).

Presenting a claim "to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances dose not constitute fair presentation." Roettgen v. Copeland, 33 F.3rd 36, 38 (9th Cir. 1994), *citing* Castille v. Peoples, 489 U.S. 346, 351 (1989) (claim not fairly presented when raised for the first time on petition for discretionary review to the state Supreme Court); Stover v. Belleque, 2010 WL 1812297, (D. Or. Feb 2, 2010) (finding claim not "fairly presented" when it was raised to the Oregon courts for the first time on appeal); Buckman v. Hall, 2009 WL 1476703 (D.Or. May 26, 2009) (same); Houff v. Blackletter, 2009 WL 252156, (D.Or. Feb. 2, 2009) (same).

Thus, although petitioner referred to the Fifth and Fourteenth Amendments and argued the Confrontation Clause in support of his claims on appeal, the federal arguments were

---

plain error analysis. Exhibit 110, p. 13-15.

7 - ORDER

not properly preserved for appellate review and therefore not presented to the state courts in a procedural context in which they would be considered. Accordingly, petitioner procedurally defaulted the claims and has not establish cause and prejudice for his procedural default or that he is entitle to the fundamental miscarriage of justice exception to the exhaustion requirement.

Based on the foregoing, petitioner's Petition (#2) is denied. This proceeding is dismissed.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

IT IS SO ORDERED

DATED this 14th day of January, 2011.

      /s/ ANN AIKEN
      Ann Aiken
      United State District Judge